UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>RUDY MARTIN GARCIA,<br><br>              Defendant. | NO. CR-10-0001-EFS<br><br>**ORDER ENTERING RULINGS FROM NOVEMBER 16, 2011 HEARING** |

A motion hearing occurred before the sentencing in this matter on November 16, 2011. Defendant Rudy Martin Garcia was present, represented by Peter Schweda. Assistant United States Attorney Matthew Duggan appeared on behalf of the United States Attorney's Office (USAO). Before the Court were Defendant's Motion for New Trial, ECF No. 409, and the USAO's Motion for Upward Sentencing Departure, ECF No. 429. At the hearing, the Court denied Defendant's motion and granted the USAO's motion in part. This Order serves to memorialize and supplement the Court's oral rulings.

**I.    DEFENDANT'S MOTION FOR NEW TRIAL**

Defendant moves for a new trial on three bases. First, defense counsel asserts that the Court's involuntary manslaughter instruction was improper. Second, defense counsel argues that not allowing him to

ORDER ~ 1

testify to specific instances of violence by the victim, David McCraigie, was error. Finally, defense counsel argues that the Court's decision not to admit photos from Mr. McCraigie's "MySpace" page was error.

Under Federal Rule of Criminal Procedure 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." The decision whether to grant or deny a motion for new trial is within the discretion of the trial court. *United States v. Shaffer*, 789 F.2d 682, 687 (9th Cir. 1986). For the reasons expressed at the hearing and discussed below, the Court denies Defendant's motion.

**A.   Involuntary Manslaughter Instruction**

Defense counsel argues that giving the following portion of Instruction No. 17, the Court's involuntary manslaughter instruction, was error:

> . . . In order for the Defendant to be found guilty of the lesser crime of involuntary manslaughter, the Government must prove each of the following elements beyond a reasonable doubt:
> First, the Defendant committed an act, *done either in an unlawful manner or with wanton or reckless disregard for human life*, which might produce death . . .

ECF No. 365 at 19 (emphasis added). Defendant concedes that this instruction is taken verbatim from Ninth Circuit Model Criminal Jury Instruction 8.110, but argues that this instruction would have allowed the jury to convict him without a finding of gross negligence, which is an essential element of involuntary manslaughter. Defendant also argues that the use of the undefined term "in an unlawful manner" allowed jurors to convict him based on their own determination of what is "unlawful."

After hearing the argument of counsel and reviewing relevant authority, the Court is convinced that this instruction was appropriate

ORDER ~ 2

and not given in error. First, Instruction No. 17 tracks the language of 18 U.S.C. § 1112, which states that involuntary manslaughter occurs "[i]n the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death." Second, Defendant's argument overlooks the fact that the gross negligence requirement is present in the fourth section of Instruction No. 17, which reads:

> . . . Fourth, the Defendant either knew that such conduct was a threat to the lives of others or knew of circumstances that would reasonably cause the Defendant to foresee that such conduct might be a threat to the lives of others.

ECF No. 365 at 20. Any argument that the jury found Defendant guilty of involuntary manslaughter without a finding of gross negligence is foreclosed by this portion of Instruction No. 17. Finally, the Ninth Circuit has not only upheld the giving of Model Instruction 8.110, but has ruled that it is error *not* to give Model Instruction 8.110 as a lesser-included-offense instruction if the record contains evidence to support it. *See United States v. Arnt*, 474 F.3d 1159, 1164-65 (9th Cir. 2007); *United States v. Hugs*, 384 F.3d 762, 765-68 (9th Cir. 2004). For these reasons, as well as those stated on the record, the Court denies Defendant's motion with regard to this basis.

**B.    Specific Acts of the Victim, David McCraigie**

Defendant also argues that it was error not to allow him to testify regarding prior violent acts of the victim, David McCraigie. Defendant argues that he should have been able to testify to these acts because they would bolster his claim that he was acting in self-defense. At

ORDER ~ 3

trial, the Court refused to permit this evidence based on *United States v. Keiser*, 57 F.3d 847 (9th Cir. 1995).

Under Federal Rule of Evidence 402(a), a criminal defendant may admit evidence of a pertinent character trait of the victim to show that the victim acted in conformity therewith. Rule 405 limits Rule 402 to the admission of reputation or opinion testimony, and dictates that specific instances of conduct are only admissible in cases in which character or a character trait is an essential element of the charge, claim, or defense. Consistent with these rules, the Ninth Circuit in *Keiser* held that a victim's specific acts were not admissible to show his propensity for violence, but that propensity could only be shown by reputation and opinion evidence. *Keiser*, 57 F.3d at 855.

Defendant cites *United States v. Saenz*, 179 F.3d 686 (9th Cir. 1999), for the proposition that evidence of specific acts is admissible when it is offered not to show the victim's propensity, but to show the defendant's state of mind. Defendant argues that because he sought to admit evidence of Mr. McCraigie's specific acts in order to show his own state of mind (and thus bolster his self-defense claim), and not to show Mr. McCraigie's propensity for violence, this evidence should have been admitted. The USAO responds that Defendant had ample opportunity to demonstrate his state of mind when he testified about Mr. McCraigie's reputation for violence, and that testimony concerning specific acts of violence by Mr. McCraigie would have been unduly prejudicial.

Here, evidence of Mr. McCraigie's specific acts of violence was properly excluded. First, as the USAO asserts, Defendant was able to testify that Mr. McCraigie had a propensity for violence. This largely

ORDER ~ 4

alleviates any concerns caused by the exclusion of Mr. McCraigie's prior bad acts. Additionally, and more importantly, any error in excluding this evidence is non-prejudicial because Defendant would still have been convicted of involuntary manslaughter even if the jury had fully believed Defendant's self-defense argument. Involuntary manslaughter can occur in cases of "imperfect self-defense." *United States v. Anderson*, 201 F.3d 1145, 1151 (9th Cir. 2000). "A defendant who intends to use non-deadly force to protect himself, but who uses that force in a criminally negligent way resulting in death, could be found guilty of involuntary manslaughter." *Id.* Thus, in this case, even if the jury had believed Defendant's claim of self-defense and found his *use of force* to be reasonable under the circumstances, they would still have convicted Defendant of involuntary manslaughter because they had to find that *the manner in which he used force* was criminally negligent in order to return the verdict that they did. Thus, any error caused by the Court's refusal to admit evidence of Mr. McCraigie's specific acts of violence was not prejudicial, and the Court denies Defendant's motion with regard to this basis.

### C. MySpace Photos of David McCraigie

Defendant also argues that the Court erred in not allowing into evidence photographs of Mr. McCraigie posing with firearms that were downloaded from his "MySpace" internet page. Defendant argues that these photos could have been used to show Mr. McCraigie's "motive, opportunity, identity, and his plan," and that they could have been used to impeach two of the USAO's witnesses who testified they never saw Mr. McCraigie with a gun. ECF No. 410 at 14-15. It is unclear what Defendant refers

to as Mr. McCraigie's motive, opportunity, identity, or plan, or how these concepts were relevant to this case; insofar as they may relate to Defendant's self-defense claim, they are non-prejudicial as noted above. With regard to Defendant's proposed impeachment use, the two witnesses that Defendant argues could have been impeached with the photos only stated that they never *saw* Mr. McCraigie with a gun; internet photos of Mr. McCraigie with a gun do not *per se* contradict these statements, and their admission would have had serious potential to confuse or unduly prejudice the jury.  Accordingly, the Court denies Defendant's motion with regard to this basis.

**II.   THE USAO'S MOTION FOR UPWARD SENTENCING DEPARTURE**

The USAO moved for an upward departure from the United States Sentencing Guideline range of 33-41 months, asking the Court to impose the statutory maximum sentence of 96 months.  The USAO cites several guideline provisions in support of this argument.

First, the USAO cites U.S.S.G. § 4A1.3, which allows the Court to depart upward if a defendant's criminal history category substantially under-represents either the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. The USAO directs the Court to U.S.S.G. §4A1.3(a)(2)(A) & (E), which allow upward departures based on "[p]rior sentence(s) not used in computing the criminal history category" or "[p]rior similar adult conduct not resulting in a criminal conviction," respectively.  The USAO notes that Defendant has more than ten criminal convictions that are not counted towards his criminal history category, and that Defendant was not charged for assaultive behavior towards other individuals on the night Mr.

McCraigie was killed. Defense counsel responds that Defendant's juvenile convictions are not an appropriate ground for departing upward pursuant to § 4A1.3, and argues that the examples given in Application Note 2 to § 4A1.3 demonstrate that it should not apply here. While the Court notes that Defendant's criminal history category does not appear to adequately reflect his criminal history, the Court finds that § 4A1.3(a)(2)(A) and (E) do not apply here; subpart (A) gives the examples of "foreign and tribal offenses" but does not list juvenile offenses, and subpart (E) on its face only applies to "adult" criminal conduct.

The USAO also asks the Court to depart upward per U.S.S.G. § 5K2.1 because death resulted. Defense counsel responds that this should not be taken into account because the involuntary manslaughter provision, U.S.S.G. § 2A1.4(a), already takes death into account. As noted on the record, the Court finds that § 5K2.1 does not apply in this case because death is an element of involuntary manslaughter and is "adequately taken into consideration by the Sentencing Commission" in formulating the involuntary manslaughter guideline. U.S.S.G. § 5K2.0(a)(1) (describing circumstances in which § 5K2 departures are appropriate).

Finally, the USAO asks the Court to depart upward per U.S.S.G. § 5K2.6 because a dangerous weapon was used. U.S.S.G. § 5K2.6 allows an upward sentencing departure if a weapon or dangerous instrumentality was used in the commission of the offense, and states that the extent of an upward increase should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. Section 5K2.6 also states that "[t]he *discharge* of a firearm might warrant a substantial sentence increase." U.S.S.G. § 5K2.6

ORDER ~ 7

(emphasis added).  For the reasons noted on the record, the Court grants the USAO's motion for an upward sentencing departure in this regard; the use of a firearm is not an element of involuntary manslaughter, and the 7mm-caliber hunting rifle Defendant used on the night in question was dangerous, was used dangerously, and was used in a manner that endangered others.

Accordingly, the Court grants in part (§ 5K2.6) and denies in part (§§ 4A1.3 & 5K2.1) the USAO's Motion for Upward Sentencing Departure.

### III. STATUS OF COUNT TWO OF THE INDICTMENT

Defendant's Indictment, ECF No. 16, also charges Defendant with one Count of discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (j).  Because the Court had ruled that involuntary manslaughter was not a "crime of violence" for the purposes of § 924(c), the jury correctly did not address this Count when it found Defendant guilty of involuntary manslaughter.

At the hearing, defense counsel asked the Court to dismiss Count 2 of the indictment.  The USAO stated his preference that Count 2 remain unresolved for the time being.  In order that the Court can make an informed decision on this matter, the parties shall file and serve a brief memorandum stating their position on how the Court should address Count 2 **no later than November 30, 2011.**  The parties' memoranda should not exceed five (5) pages, inclusive of attachments.  No responsive or reply memoranda shall be permitted.

//
/

ORDER ~ 8

For these reasons, and for the reasons stated on the record, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for New Trial, **ECF No. 409**, is **DENIED**.

2. The USAO's Motion for Upward Sentencing Departure, **ECF No. 429**, is **GRANTED in part** and **DENIED in part** as discussed above.

3. The parties shall file and serve a brief memorandum, in accord with the requirements stated above, stating their position on how the Court should address Count 2 **no later than November 30, 2011.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this  17th  day of November 2011.


                         s/Edward F. Shea
                        EDWARD F. SHEA
                   United States District Judge

Q:\Criminal\2010\1.enter.rulings.lc2.wpd

ORDER ~ 9