UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>RUDY MARTIN GARCIA,<br><br>                Defendant. | NO. CR-10-0001-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING THE USAO'S MOTION TO DISMISS COUNT 2** |

    Before the Court, without oral argument, are Defendant Rudy Martin Garcia's Motion for Reconsideration of Denial of Motion for New Trial, ECF No. 455, and the United States Attorney's Office's (USAO) Motion for Order of Dismissal of Count Two of the Indictment and related Motion to Expedite, ECF Nos. 452 & 453. After reviewing the record in this matter and applicable authority, the Court is fully informed. For the reasons stated below, the Court denies Defendant's motion and grants the USAO's motions.

    **I.   DEFENDANT'S MOTION FOR RECONSIDERATION**

    Defendant asks the Court to reconsider its ruling denying his Motion for New Trial, ECF No. 450, on the grounds that giving Instruction No. 17, the Involuntary Manslaughter Instruction, was prejudicial error. Defendant initially argued that giving Instruction No. 17, which was

ORDER ~ 1

taken verbatim from Ninth Circuit Model Criminal Instruction 8.110, was error because the use of the word "or" in the first element allowed the jury to convict Mr. Garcia without a finding of gross negligence. Defendant's motion for reconsideration makes essentially the same argument, and the Court denies it for the same reason.

The full text of Instruction No. 17 is as follows:

> The crimes of first-degree murder, second-degree murder, and voluntary manslaughter include the lesser crime of involuntary manslaughter, in violation of 18 U.S.C. §§ 1112, 1151, and 1153. If 1) any of you are not convinced beyond a reasonable doubt that the Defendant is guilty of first-degree murder; and any of you are not convinced beyond a reasonable doubt that the Defendant is guilty of second-degree murder; and any of you are not convinced beyond a reasonable doubt that the Defendant is guilty of voluntary manslaughter; and 2) all of you are convinced beyond a reasonable doubt that the Defendant is guilty of the lesser crime of involuntary manslaughter, you may find the Defendant guilty of involuntary manslaughter.
> Involuntary manslaughter is the unlawful killing of a human being without malice aforethought and without an intent to kill. In order for the Defendant to be found guilty of the lesser crime of involuntary manslaughter, the Government must prove each of the following elements beyond a reasonable doubt:
> **First, the Defendant committed an act, done either in an unlawful manner or with wanton or reckless disregard for human life, which might produce death**;
> Second, the Defendant's act was the proximate cause of David McCraigie's death;
> Third, the killing was unlawful;
> **Fourth, the Defendant either knew that such conduct was a threat to the lives of others or knew of circumstances that would reasonably cause the Defendant to foresee that such conduct might be a threat to the lives of others**;
> Fifth, the killing occurred within the boundaries of the Colville Indian Reservation;
> Sixth, the Defendant is Indian; and
> Seventh, the Defendant did not act in self-defense.
> A proximate cause is one that played a substantial part in bringing about the death, so that the death was the direct result or a reasonably probable consequence of the Defendant's act.

ECF No. 365 (emphasis added).

ORDER ~ 2

The first section of this instruction tracks the language of 18 U.S.C. § 1112. Though a finding of gross negligence is not required by the language of the statute, the Ninth Circuit follows a majority of circuits in requiring gross negligence for a defendant to be convicted of involuntary manslaughter. *See United States v. Keith*, 605 F.2d 462, 463 (9th Cir. 1979). The fourth section of this instruction includes the gross negligence requirement. *See* Ninth Circuit Model Criminal Instruction 8.110, Comment ("While the fourth element is not in the statute, it is required by *United States v. Keith*, 605 F.2d 462, 463 (9th Cir. 1979)."); *see also* Black's Law Dictionary 1057 (7th ed. 1999) (defining gross negligence as "[a] lack of slight diligence or care" or "[a] conscious, voluntary act or omission in reckless disregard of a legal duty and other the consequences to another party").

Defendant's argument again attempts to obfuscate the fact that the fourth section of Instruction No. 17 contains a gross negligence requirement. In support of the argument that Instruction No. 17 does not contain a gross negligence requirement, Defendant cites *United States v. Pardee*, 368 F.2d 368, 373 (4th Cir. 1966), which was cited by the Ninth Circuit in *Keith*. However, the language Defendant cites does not demonstrate that the fourth section of Instruction No. 17 was insufficient to support a finding of gross negligence, but instead simply states the gross negligence standard in two ways. Because the *mens rea* requirement in section four of Instruction No. 17 fulfils the Ninth Circuit's requirement of a finding of gross negligence, the Court finds that it is not error to give the instruction. Furthermore, the Ninth Circuit has not only upheld the giving of Model Instruction 8.110, but

ORDER ~ 3

has ruled that it is error *not* to give Model Instruction 8.110 as a lesser-included-offense instruction if the record contains evidence to support it. *See United States v. Arnt*, 474 F.3d 1159, 1164-65 (9th Cir. 2007); *United States v. Hugs*, 384 F.3d 762, 765-68 (9th Cir. 2004). For these reasons, as well as those stated in its Order denying Defendant's motion for new trial, the Court denies Defendant's motion for reconsideration.

**II.   THE USAO'S MOTION TO DISMISS COUNT TWO**

The question of whether to dismiss Count Two of the Indictment arose at the conclusion of Mr. Garcia's November 16, 2011 sentencing, and the Court ordered the parties to file memoranda stating their positions on the issue. The USAO now moves the Court to dismiss Count Two of the Indictment, which charged Defendant with Use of a Firearm During a Crime of Violence that Causes Death in violation of 18 U.S.C. § 924(c)(1)(A). The USAO asks that this count be dismissed pursuant to the Court's ruling that involuntary manslaughter is not a crime of violence for the purposes of § 924(c). Accordingly, the Court finds good cause to dismiss Count 2 of the Indictment, and grants the USAO's motion.

For the reasons discussed above, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration of Denial of Motion for New Trial, **ECF No. 455**, is **DENIED**.

2. The USAO's Motion for Order of Dismissal of Count Two of the Indictment and related Motion to Expedite, **ECF Nos. 452 & 453**, are **GRANTED**.

//

/

3.  Count Two of the Indictment, **ECF No. 16**, is **DISMISSED**.

4.  This file shall be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this ___7th___ day of December 2011.

                    S/ Edward F. Shea
                    EDWARD F. SHEA
              United States District Judge

Q:\Criminal\2010\1.deny.reconsid.lc2.wpd

ORDER ~ 5